## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GREGORY A. LADELE, D.O.,**

      **Plaintiff,**

**v.**                                             **CASE NO.  4:20-cv-00080-MW-CAS**

**MHM HEALTH PROFESSIONALS, LLC,**
**f/k/a MHM HEALTH PROFESSIONALS,**
**INC.,**

      **Defendant.**

_____/

## PLAINTIFF'S STATEMENT
## OF COMPLIANCE WITH RULE 26

Plaintiff, GREGORY A. LADELE, D.O., makes the following disclosures in accordance with Rule 26(a)(1)(A)(i-iii) and 26(a)(1)(C), Federal Rules of Civil Procedure:

**A.      Rule 26(a)(1)(A)(i),Federal Rules of Civil Procedure, requires disclosure of the  name and, if known, the address and telephone number of each individual likely to have  discoverable information relative to the disputed facts alleged with particularity in the  pleadings, identifying the subjects of the information. Plaintiff has conducted the reasonable inquiry required under Rule 26(g), and, to the best of the Plaintiff's knowledge,  information and belief, the disclosure is complete and correct as of the time that it is made. Plaintiff, however, reserves the right to supplement this list upon discovery of additional information which may be relevant to this action:**

      1.      Plaintiff

2.    All persons identified by Defendant in its Rule 26 disclosures. Plaintiff relies on  the information provided by Defendant in its rule 26 disclosures as to the  knowledge of each such witness about claims and defenses.  Plaintiff will  supplement this report if needed after depositions and additional information is  gathered.

3.    All persons identified by Defendant and Plaintiff in any answers to any  interrogatories.   Plaintiff relies on the information provided by Defendant about  the role and relevant knowledge held by each witness and will supplement this  response if and when additional information is obtained.

4.    All persons noticed and/or deposed during discovery.  Plaintiff lists this category  of potential witnesses in an abundance of caution.  To Plaintiff's knowledge no one has yet been noticed for deposition.   Plaintiff anticipates that witnesses on Defendant's Rule 26 disclosure, as well as the Plaintiff, will be deposed.  At this  point, Plaintiff relies on Defendant's Rule 26 disclosure.

5.    All records custodians of any and all records Plaintiff seeks to introduce as  evidence at trial.  Plaintiff lists this category in an abundance of caution.  Plaintiff anticipates that the parties will cooperate in authenticating documents  and that records custodians will not be necessary.  However, in the event they are, Plaintiff will call records custodians as to any and every document produced  during this case whether from the parties or third parties, as needed to  authenticate documents that are not otherwise stipulated as authentic by the  parties.

6.    One or more of Plaintiff's family members and personal friends, having knowledge of emotional damages occasioned to Plaintiff by Defendant's activities as follows, as well as the work ethic and character of Plaintiff:

      None

7.     The following doctors may have knowledge and opinions they have regarding treatment of the Plaintiff:

None

8.     The following current and former employees of Defendant may have knowledge of Plaintiff's work performance and/or knowledge of Defendant's discrimination against Plaintiff:

**Carol Abbott**
Nurse Practitioner
c/o Defendant
(508) 410-4282
Has knowledge of Priscilla Roberts' lack of professionalism including her history of yelling at employees and being confrontational; has knowledge of providing the mortality review for the patient whom Plaintiff asked to be transferred  from the Infirmary to the Hospital which she failed to do and the patient died the following day; may have knowledge of other claims and defenses in this matter.

**Errol Campbell**
Regional Medical Director (Region#2)
c/o Defendant
(850) 228-5279
Has knowledge of concerns about Plaintiff's salary being higher than the State Medical Director's, Dr. Daniel Cherry; has knowledge of preferential treatment of others related to Plaintiff's vacation coverage; has knowledge of being aware of Plaintiff's concerns related to consistency amongst Regional Medical Directors; has knowledge of emails confirming delay of receipt of patient who was expected to receive treatment of Hepatitis C; may have knowledge of other claims and defenses in this matter.

**Dr. Saint Charles**
Hospitalist/Full-Time
c/o Defendant
(954) 793-5829
Has knowledge of working at the hospital and can attest to the conditions of the care provided there along with efforts to bring

that to the attention of Upper Level Management; has knowledge of concerns related to healthcare delivery which was not community standard; has knowledge that this was one of Plaintiff's major concerns which he expressed to Upper Level Management on several occasions; may have knowledge of other claims and defenses in this matter.

**Dr. Daniel Cherry III**
State Medical Director
c/o Defendant
Has knowledge of Plaintiff reporting on clinical matters directly to him; has knowledge of forcing Plaintiff to be on-call by telephone during his vacations and was frequently required to manage clinical problems during the day; has knowledge of Plaintiff being denied compensation for working during this time; has knowledge of the Defendant's chronic short staffing problems at RMC; may have knowledge of other claims and defenses in this matter.

**Dr. Jean Dure**
PRN Provider
c/o Defendant
(401) 749-6019
Has knowledge of concerns related to healthcare delivery conditions which were not addressed by Upper Level Management; may have knowledge of other claims and defenses in this matter.

**Dr. Josephine Eady**
Hospital Administrator
c/o Defendant
Has knowledge of unprofessional behaviors involving treatment and lack of professional behavior during Plaintiff's time as Regional Medical Director; has knowledge of preferential treatment shown to Priscilla Roberts which made it difficult for many employees to perform their job duties with people of color having the most arduous time with her; has knowledge of Roberts' unprofessional comments in the workplace; has knowledge of Roberts being reprimanded by her supervisor for those comments; may have knowledge of other claims and defenses in this matter.

**James Hankerson**
Director of Nursing
c/o Defendant
(352) 672-1096
Has knowledge of writing a letter regarding concerns about not meeting current nursing standards; has knowledge of Plaintiff's concerns about being short-staffed; may have knowledge of other claims and defenses in this matter.

**Latoya Jenkins**
Medical Records
c/o Defendant
Has knowledge of witnessing Priscilla Roberts hiding medical records in which Plaintiff had made a direct order to have a patient placed in the hospital for concerns related to psychiatric problems; has knowledge of Plaintiff's orders not being followed and the patient dying the following day from hemorrhaging; may have knowledge of other claims and defenses in this matter.

**Krissy Kirkland**
RN/Urgent Care
c/o Defendant
(386) 266-9686
Has knowledge of telling Plaintiff she felt uncomfortable writing a letter that alluded to her being asked to do something against her will by Plaintiff; has knowledge of unprofessional behavior by Priscilla Roberts in the workplace; may have knowledge of other claims and defenses in this matter.

**Victoria Love**
Vice President of Operations
c/o Defendant
Has knowledge of Plaintiff's email to her, Dr. Cherry and Dr. Jeff Keller on or about January 31, 2017 regarding his grave concerns of short-staffing at the RMC; has knowledge of participating in the decision to terminate Plaintiff; may have knowledge of other claims and defenses in this matter.

**Lisa Lynch**
Human Resources Representative
c/o Defendant
Has knowledge of being present when Plaintiff was terminated by the Defendant; may have knowledge of other claims and defenses in this matter.

**Dr. (fnu) Pouparinas**
Staff Provider
c/o Defendant
(251) 359-8101
Has knowledge of issues with the conditions of the facility and the lack of response from Upper Level Management to address those issues; may have knowledge of other claims and defenses in this matter.

**Priscilla Roberts**
Health Services Administrator-Outpatient
c/o Defendant
Has knowledge of the failed audits of the Outpatient Clinic under her supervision due to her mismanagement; has knowledge of using racial slurs against RMC employees; may have knowledge of other claims and defenses in this matter.

**Dr. (fnu) Simeon, M.D.**
PRN Provider
c/o Defendant
(954) 367-7554
Has knowledge of concerns related to healthcare delivery which were not community standard; has knowledge that this was one of Plaintiff's major concerns which he expressed to Upper Level Management; may have knowledge of other claims and defenses in this matter.

**(fnu) Smith**
Warden, RMC Facility
c/o Defendant
Has knowledge of being involved in the conversation and meeting to approve patient being transferred from the Infirmary to the

Hospital, a discussion that included Priscilla Roberts; may have knowledge of other claims and defenses in this matter.

**Tamara Taylor**
Regional Director of Operations
c/o Defendant
Has knowledge of terminating Plaintiff on September 5, 2017 and refusing to provide a reason for it; has knowledge of Plaintiff's concerns about the Outpatient Unit's failed audits due to mismanagement; has knowledge of Plaintiff's requests to work a four day/ten hour shift which was denied but granted to Dr. Chris Hadadd, an older Caucasian physician who was hired after Plaintiff; may have knowledge of other claims and defenses in this matter.

**Dr. Jacqueline Williams, M.D.**
PRN Provider
c/o Defendant
(352) 538-5228
Has knowledge of her concerns related to healthcare delivery which was not community standard; has knowledge of this being one of Plaintiff's major issues which he conveyed to Upper Level Management; may have knowledge of other claims and defenses in this matter.

**B.     Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires disclosure of a copy or a description by category and location of, all documents, data, compilations, and  tangible things in the possession, custody or control of the party that are relevant to the  disputed facts alleged with particularity in the pleadings.  Plaintiff reserves the right to supplement this list as additional information becomes available. Plaintiff has performed a good faith examination of the pleadings and of all documents in Plaintiff's possession  and makes the following disclosure of documents that may be relevant:**

1.     Plaintiff's documents to and from EEOC and FCHR.

**C.     Rule  26(a)(1)(A)(iii),Federal  Rules  of  Civil  Procedure, requires a  computation of any category of damages claimed by the disclosing party, making available  for inspection and copying under Rule 34 the documents or other evidentiary material not  privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered.  Plaintiff, to the extent that  these documents are available, identifies the following:**

1.     Plaintiff  claims  lost  wages  and  other  tangible  damages.   The following  are  estimates  of  Plaintiff's  damages  based  upon  the information he is aware of and can recall at this time:

Plaintiff was earning weekly wages of approximately $5,014.00 when he worked for the Defendant.  After being terminated on September 5, 2017, Plaintiff did not find new employment until December  4,  2017,  a  period  of  approximately  13  weeks. $5,014.00  for  13  weeks  is  approximately  **$65,182.00**  Plaintiff suffered in lost wages during this time period.

On  December  4,  2017,  Plaintiff  began  working  for  Corizon Healthcare,  Inc.  earning  weekly  wages  of  approximately $6,384.62.   He  continues  to  work  at  Corizon  and  has  been promoted twice now earning approximately $6,453.85 per week.

As of this date, April 14, 2020, Plaintiff estimates his damages at approximately **$65,182.00** for lost wages.

2.     Plaintiff  is  also  entitled  to  damages  relating  to  mental  anguish, emotional  distress,   depression,  anger,  escalated  levels  of  stress, feelings  of  helplessness,  embarrassment,   humiliation,  loss  of capacity for the enjoyment of life, and illness.  It is not Plaintiff's counsel's   practice  to  ask  the  jury  for  a  set  financial  award  for intangible damages.  Instead, it is Plaintiff's  counsel's practice to ask the jury to award an amount of money for emotional pain and suffering  that will fairly compensate the Plaintiff for the mental pain and suffering endured as a result of  the unlawful acts of Defendant.

Plaintiff submits that the decision how much to award for these damages belongs to the jury and to the jury alone. Plaintiff further submits that on a practical level, a forced statement of emotional pain and suffering damages, as here, is pernicious. Appearing as it must in a court paper, it is subject to Rule 11 and, therefore, in light of the above authorities and common sense, the number given is necessarily not based on any specific calculation or formula.

Plaintiff also claims entitlement to attorneys' fees and costs in this matter.

3.     Lost pay increases and bonuses, as may be applicable.

4.     Punitive damages, amount sought will be the maximum allowed by law.

5.     Injunctive relief and other equitable relief as allowed by law.

6.     Reinstatement of Plaintiff's position, pay, fringe benefits, and tenure.

7.     Plaintiff also seeks to recover front pay and back pay, as may be applicable.

8.     Other damages may be made known to Plaintiff during the course of this action.

**D.     Rule 26(a)(1)(A)(iv), Federal Rules of Civil Procedure, requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy but reasonably believes that a policy of insurance covers Defendant's actions in this case.

Respectfully submitted,


/s/ Farnita Saunders Hill_____
Farnita Saunders Hill [FBN 1012158]
Marie A. Mattox, Esquire
Marie A. Mattox [FBN0739685]
MARIE A. MATTOX, P. A.
203 N. Gadsden Street
Tallahassee, FL   32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
farnita@mattoxlaw.com
jervonie@mattoxlaw.com
marie@mattoxlaw.com
susan@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF